# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| BRENT WADE WHITMORE, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CIV-12-143-R |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## ORDER

Before the Court is the motion for attorney fees under 42 U.S.C. § 406(b) filed by Plaintiff's attorney, Gayle L. Troutman of Troutman & Troutman, P.C. on behalf of Steven A. Troutman of the firm. Doc. No. 28. By this motion, counsel seeks an Order approving an award of $26,990.50 for legal work performed before this Court, which equates to 25% of the back benefits awarded to the Plaintiff by the Social Security Administration ("SSA"). Defendant filed a response, although she has no stake in the outcome of this motion and setting forth the standard for the Court's review. Having considered counsel's request, the Court finds as follows.

On March 8, 2013, the Court entered judgment in favor of Plaintiff and remanded this matter to the Commissioner for additional proceedings. Plaintiff sought and was awarded attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2414, ("EAJA") totaling $8,477.80. Upon remand, the Commissioner concluded that Mr. Whitmore was disabled and therefore entitled to an award of past due benefits for the

period between June 2006 and September 2015 totaling $107,962.00. The Commissioner held back twenty-five percent of that amount for attorneys' fees, and from that percentage awarded Plaintiff's agency representative $6,000.00, leaving $20,990.50 of funds before the Commissioner available for payment to Plaintiff's counsel.[1] As noted, Counsel now seeks fees in the amount of $26,990.50.

Although Plaintiff and his counsel entered into a Contract for Federal Court Work (Attachment "1" to Motion), which provided for a contingent fee for federal court work equal to 25% of past due benefits, the Court must determine whether, under the facts of this case, that amount constitutes a reasonable fee. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)("[Section] 406(b) calls for court review of such [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Plaintiff's counsel presents records indicating that the firm expended 42.7 hours of attorney work and 6.2 hours of paralegal work before this Court to obtain

---

[1] In an unusual turn of events, Mr. Whitmore's agency-level representatives, Attorneys Wallace and Carroll, have entered appearances before this Court and filed responses to Attorney Troutman's § 406(b) Motion. Doc. Nos. 32, 33. Mr. Wallace represents that he and Mr. Carroll have each received $3,000 from the withheld funds and he has a petition pending before the agency for an additional $1,882.50. Doc. No. 32. Mr. Carroll represents that the Regional Chief Administrative Law Judge has awarded him a total of $20,273.25 in connection with his representation at the agency level. Doc. No. 33. The Court understands that the $3,000 previously awarded to Mr. Carroll (referenced in Mr. Wallace's submission) will be offset against the $20,273.25. Based on these representations, the Court understands that of the $26,990.50 the Commissioner withheld from the past-due benefits, $23,273.25 may have already been paid to the agency-level representatives, and therefore $3,717.25 of the withheld funds would remain.

Although informative, the fees awarded to the agency-level representatives cannot dictate this Court's disposition of the pending §406(b) Motion. As the Tenth Circuit has concluded, "the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner." *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008). Rather, the district court must perform "an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 938 (quoting *Gisbrecht*, 535 U.S. at 807).

remand and EAJA fees. This work consisted of general case management, preparing a complaint and an opening and reply brief before the Magistrate Judge,[2] and a motion for EAJA fees. Following remand from this Court, Doc. Nos. 20, 21, the case remained at the administrative level for over two-and-a-half years before the Administrative Law Judge issued a favorable decision on October 15, 2015 which was amended two months later, on December 15, 2015. Doc. No. 26. Mr. Whitmore's back benefits continued to accrue during a portion of this time period. Doc. No. 28 at 3 (back benefits for period between June 2006 and September 2015).

The legal work performed by Plaintiff's counsel before the Court was of a professional quality and resulted in a remand to the SSA, without which Plaintiff would not have received past benefits. Nevertheless, the Court finds that the award requested here is not reasonable, and thus is subject to reduction in light of the amount of time counsel spent on the case, the nature of the proceedings, and the fact that the award amount reflects the years of delay at the administrative level.[3] Under *Gisbrecht*, this Court may not determine reasonableness simply by determining a lodestar fee. But, using the contingency-fee arrangement as the starting place, it may consider the time spent and the lawyer's normal hourly rate as factors bearing on reasonableness. *Gisbrecht*, 535 U.S. at 808. An award of $26,990.50 would be an hourly rate, considering only attorney work,

---

[2] The Commissioner did not object to the Magistrate Judge's recommendation and, accordingly, this Court adopted the Report and Recommendation without further briefing from the parties. Doc. Nos. 20, 21.

[3] The record reflects that Plaintiff filed his application on June 12, 2007, nearly five years before Plaintiff's counsel filed a complaint on his behalf before this Court. Doc. No. 20.

of $632.10, which far exceeds the $275.00 non-contingency attorney rates reflected in counsel's motion.[4]

The Supreme Court has cautioned against awarding "windfalls for lawyers," and has instructed, when "the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Gisbrecht*, 535 U.S. at 808 (citations and internal quotation marks omitted); *see also Russell v. Astrue*, 509 F. App'x 695, 696 (10th Cir. 2013) (quoting *id.*). Following this caveat, the Court finds that the requested § 406(b) attorney fee is not reasonable for work performed in this case before this Court. *See generally McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006); *Gordon v. Astrue*, 361 F. App'x 933 (10th Cir. 2010). This is particularly the case where the briefing was not extensive and the large award of back benefits was in large part due to delays at the administrative level.[5] The Court finds, however, that a fee amount of $18,000 is reasonable, which amounts to an hourly rate of $400 for attorney time and approximately $150 for paralegal time. This amount is also more than twice the amount of EAJA fees counsel was previously awarded for this work.

Accordingly, although the application for fees was received within a reasonable time of when counsel received the notice of entitlement to fees, the Court finds the amount requested unreasonable. The Court hereby **GRANTS IN PART AND DENIES IN PART** the Motion for Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. No.

---

[4] Plaintiff's counsel suggests the amount requested reflects a lower hourly rate of $593.00 an hour. *See* Doc. No. 28 at 10-11 (setting forth counsel's alternative calculations). Even Plaintiff's rate is unreasonably high in light of the nature of this case.

[5] The Court does not suggest that these delays were attributable to Plaintiff's counsel.

28) and awards Plaintiff's counsel fees in the amount of $18,000. The Commissioner shall pay the fees directly to Plaintiff's counsel Steven Troutman. To the extent the amount of withheld funds are insufficient, Plaintiff's counsel must pursue them directly from the claimant, not the past-due benefits. *Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008). Finally, counsel shall refund to Plaintiff the previously awarded EAJA fees, which totaled $8,477.80.

IT IS SO ORDERED this 24th day of June, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE